# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARKELL NATHANIEL MITCHELL,<br><br>                               Plaintiff,<br>v.<br><br>CHRISTOPHER DOMAGALSKI and JOHN/JANE DOES,<br><br>                              Defendants. | Case No. 24-CV-1320-JPS<br><br>**ORDER** |

        Plaintiff Markell N. Mitchell, an inmate confined at the Sheboygan County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

        The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

        On October 24, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $56.67. ECF No. 5. After numerous extensions, Plaintiff paid the initial partial filing fee on April 1, 2025. The Court will grant

Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names as Defendants John/Jane Doe officers and Sheboygan Police Chief Christopher Domagalski ECF No. 1 at 2. In 2018, Plaintiff was held hostage at gunpoint. *Id.* Plaintiff was able to escape and called the police for help. *Id.* When the police arrived, the officers treated Plaintiff with prejudice, and he was the only black person present. *Id.* The officer barely spoke to Plaintiff and told him to sit in the vehicle. *Id.* Instead, the officer spoke to the two individuals who had attacked Plaintiff. *Id.* The officer finished speaking to the individuals and then came to arrest Plaintiff. *Id.* The officer placed Plaintiff in handcuffs and stated that he was not arresting Plaintiff. *Id.* at 2–3. The officers took two guns and a taser from Plaintiff's attackers and placed them into evidence. *Id.* at 3.

The officers used this evidence to frame Plaintiff and he was eventually charged with theft of firearms, special facts, battery, bail jumping, and later for disorderly conduct. *Id.* As a result of the officers' actions, Plaintiff sat in the Sheboygan County Detention Center for ten months and had to fight the criminal charges for five years. Later, the new District Attorney acquitted the case. *Id.* The District Attorney apologized to Plaintiff and told him there was never any probable cause to arrest him. *Id.* While at the police station, Plaintiff was "held at gun point with tasers by police." *Id.* Plaintiff had a breakdown when he found out that the police

were charging him as the victim of a crime. *Id.* These incidents were all caught on body camera and Plaintiff needs help identifying the Doe officers. *Id.* Plaintiff seeks to add an excessive force claim for the taser incident. *Id.*

### 2.3 Analysis

First, Plaintiff may proceed on a Fourth Amendment claim against the Doe defendants for arresting him without probable cause. The Fourth Amendment guarantees the right of the people "to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures" and provides that "no warrants shall issue but upon probable cause. . . ." U.S. Const. amend. IV. Probable cause is an absolute defense to a § 1983 claim for wrongful arrest. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense. *Id.* "When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, . . . he has probable cause." *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 439 (7th Cir. 1986) (internal quotation marks and citation omitted).

Plaintiff has sufficiently stated a claim at the pleading stage for false arrest against the Doe defendant officers. Plaintiff alleges that he was the victim of a crime and called the police for help. Upon the Does arrival, however, they disbelieved everything he said and arrested him instead of the two individuals holding him hostage. Plaintiff does not appear to allege that Sheriff Domagalski was personally involved in this instance and the doctrine of *respondeat superior*, under which a supervisor may be held liable

for an employee's actions, has no application to § 1983 actions. *See Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir.2000). As discussed below, however, the Court will keep Domagalski as a placeholder defendant to help Plaintiff identify the Does. As such, the Court finds that Plaintiff may proceed on a Fourth Amendment false arrest claim against the Doe defendants.

Second, the Court finds that Plaintiff may proceed on a Fourth Amendment malicious prosecution claim against the Doe defendants. In *Manuel v. City of Joliet*, 580 U.S. 357 (2017), the Supreme Court clarified that "detention without probable cause violates the Fourth Amendment 'when it precedes, but also when it follows, the start of legal process in a criminal case.'" *Lewis v. City of Chicago*, 914 F.3d 472, 474 (7th Cir. 2019) (quoting *Manuel*, 580 U.S. at 358); *see also Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) ("*Manuel* held that the Fourth Amendment supplies the basis for a [wrongful-detention] claim until the suspect is either convicted or acquitted."). More recently, the Supreme Court held in *Thompson v. Clark*, 596 U.S. 36 (2022), that a Fourth Amendment malicious prosecution claim "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Id.* at 49. Instead, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.* Following *Thompson*, the Seven Circuit considered a federal malicious prosecution claim in a case where the district court had previously analyzed it only under Wisconsin law. *See Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024). The Seventh Circuit clarified that a Fourth Amendment malicious prosecution claim arises if a criminal prosecution "(1) was instituted without probable cause; (2) for a "malicious" motive—a purpose other than bringing the defendant to

justice; and (3) "ended without a conviction." *Id.* (citing *Thompson*, 596 U.S. at 44, 49).

Here, Plaintiff alleges that the Does lacked probable cause to arrest him and fabricated evidence to support charges against him. Plaintiff further alleges that the State later dismissed those charges, and the District Attorney admitted there was no probable cause for his arrest. At the pleading stage, the Court finds that Plaintiff may proceed against the Doe defendants for a Fourth Amendment malicious prosecution claim.

Third, Plaintiff may proceed on a Wisconsin state-claim for malicious prosecution. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). Establishing malicious prosecution under Wisconsin law requires proof of six elements: (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution; (2) such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff from the former proceedings. *Wisconsin Pub. Serv. Corp. v. Andrews*, 2009 WI App 30, ¶ 23, 766 N.W.2d 232, 238. Similar to its analysis for the federal claim, the Court finds that, at the pleading stage, Plaintiff may proceed against the Doe defendants for a Wisconsin state-law malicious prosecution claim.

Fourth, the Court finds that Plaintiff does not state sufficient facts to proceed on an excessive force claim. The only facts that Plaintiff raises in

relation to this claim are that was he was "held at gun point with tasers by police." Because Plaintiff was a pretrial detainee at the time, his claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Henderickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under this standard, whether a defendant used excessive force is an objective, not a subjective, determination, and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472–73. Here, Plaintiff's allegations contain almost zero facts as to what happened during this incident. The allegations do not allow the Court to draw the reasonable inference that the defendants are liable for the misconduct alleged. *See Ashcroft*, 556 U.S. at 678. As such, Plaintiff may not proceed on an excessive force claim as currently pled.

Because Plaintiff does not know the names of any of the officers involved, the Court will keep Chief Christopher Domagalski as a defendant for the limited purpose of helping Plaintiff identify the names of the Does. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the U.S. Marshals to serve Chief Domagalski with Plaintiff's complaint and a copy of this Order. Chief Domagalski does not have to respond to the complaint. After Chief Domagalski's attorney files an appearance in this case, Plaintiff may serve discovery upon Chief Domagalski (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not state a claim against Chief Domagalski, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Doe defendants he is suing. Plaintiff may not ask Chief Domagalski about any other topic, and Chief Domagalski is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that he alleges violated his constitutional rights, he must file a motion identifying their real names. The Court will dismiss Chief Domagalski as a defendant once Plaintiff identifies the Doe defendants' names. After those defendants have an opportunity to respond to Plaintiff's complaint, the Court will issue a scheduling order for the remainder of the case. Plaintiff must identify the names of the Doe defendants within sixty days of Chief Domagalski's attorney appearing. If he does not, or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to follow the Court's order.

Finally, the Court additionally notes that some of Plaintiff's § 1983 claims may be barred by the statute of limitations. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). The relevant Wisconsin statute of limitations is either six or three years, depending on the accrual date. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. § 893.53 from six years to three years).

The Court does not, however, make any final determination on the statute of limitations issue in this Order because the statute of limitations is an affirmative defense, and it is unclear if tolling or other considerations would apply.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment false arrest claim against the Doe defendants.

**Claim Two:** Fourth Amendment malicious prosecution claim against the Doe defendants.

**Claim Three:** Wisconsin state-law claim for malicious prosecution against the Doe defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Chief Domagalski pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any

provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Chief Domagalski does not have to respond to Plaintiff's complaint; however, he must respond to any discovery requests as described in this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $293.33 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.